UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, | ) |
| Plaintiff | ) |
| vs. | ) Case No. 5:19-cv-00090-LCB |
| UNITED STATES OF AMERICA, INC., et al., | ) |
| Defendants | ) |

## MEMORANDUM OPINION

Wendell Dwayne O'Neal, proceeding pro se, filed a complaint against the United States of America, Inc., and T. Patrick Martin, Chief U.S. Attorney, Criminal Division, Department of Justice. (Doc. 1). In essence, he seeks an order from this court compelling the United States and the Department of Justice to respond to his administrative claim demanding that the Department of Justice commence a criminal investigation and prosecution against Empire Fire and Marine Insurance and its employees "for misrepresenting availability of commercial insurance to deny security after a crash" in which Plaintiff was not involved. Plaintiff also filed an Application for Leave Without Prepaying Fees and Costs. (Doc. 2). The court **GRANTS** Plaintiff's Application. However, for the reasons set out herein, the court **DISMISSES** this action **WITH PREJUDICE** for failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * * * *
>
> (B) the action or appeal--
> (i) is frivolous or malicious; [or]
> (ii) fails to state a claim on which relief may be granted; . . . .

In conducting its review of Plaintiff's complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction. *Boxer X v. Harris*, 437 F. 3d 1107, 1110 (11th Cir. 2006). However, the court "may not serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 F. App'x 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

Plaintiff's attempt to obtain a court order requiring the Department of Justice to respond to his demand to investigate and prosecute various entities has no support in case law. The separation of powers doctrine precludes a court from ordering a prosecution by the United States Attorney, and federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *See Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987); *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir.) ("A decision to prosecute is within the

2

United States Attorney's substantial discretion...."), *cert. denied*, 475 U.S. 1109 (1986); *United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983) ("As a general rule, the courts are not free to interfere with the prosecuting officer's discretionary decision to prosecute crime."); *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379-82 (2d Cir. 1973) (affirming the dismissal of a complaint seeking the investigation and prosecution of persons who allegedly violated federal and state criminal statutes); *Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015) (decisions of what criminal acts to investigate and of what acts and persons to prosecute are entrusted by the Constitution "to the executive branch of the government and not the judiciary"); *Wise v. Heddell*, No. CIV.A 509-CV-127 (CAR), 2010 WL 2688730, at *4 (M.D. Ga. July 1, 2010) ("the investigation and prosecution of crimes is subject to executive discretion, and this Court has no authority to compel the Department of Defense or the Attorney General to initiate such an investigation or prosecution."). Further, a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n.13 (2005); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Weaver v. Mateer and Harbert, P.A.*, 523 F. App'x 565, 568 (11th Cir. 2013).[1]

---

[1] The court also notes Plaintiff sued Empire Fire and Marine Insurance and others in the United States District Court for the District of Nevada. *O'Neal v. Empire Fire & Marine Ins. Co.*, No. 2:16-cv-02313-JCM-CWH (D. Nev.). That court dismissed his complaint pursuant to principles of res judicata and collateral estoppel, for lack of standing, and as failing to state a claim. *O'Neal*, No. 2:16-cv-2313-JCM-CWH, 2017 WL 4638226 (D. Nev. Oct. 13, 2017), *aff'd*, 735 F. App'x 352 (9th Cir.

## CONCLUSION

Based on the foregoing, the court will **DISMISS** this action **WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B). The court will enter a separate Final Judgment.

**DONE** and **ORDERED** January 25, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

2017). Thereafter, it declared O'Neal a vexatious litigant, noting he has brought 108 cases in federal district courts, courts of appeals, and county courts as a *pro se* litigant. *O'Neal*, No. 2:16-cv-2313-JCM-CWH, 2018 WL 1626031 (D. Nev. April 4, 2018), *vacated*, 735 F. App'x 352 (9th Cir. Aug. 21, 2018). The district court also recognized the Eighth Judicial District Court of Nevada designated plaintiff a vexatious litigant on April 19, 2017, for pursuing meritless claims arising from the same facts he presented to the Nevada federal court. *Id.* at *1. The Ninth Circuit vacated the finding O'Neal should be declared a vexatious litigant only because the district court did not make explicit substantive findings as to the frivolousness of O'Neal's prior filings or narrowly tailor the scope of its pre-filing order. *O'Neal*, 735 F. App'x at 353.